UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

DENNIS BROWN,

    Plaintiff,

    v.

WARDEN RON DAVIS, et. al.,

    Defendants.

No. C 14-5497 NJV (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a prisoner being held in Alabama, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis. (Doc. 10.)

## DISCUSSION

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff states he is a former California State prisoner who had been incarcerated in San Quentin State Prison and is now being held in county jail in Alabama for a probation violation.  He states that California inmates have attempted to have members of plaintiff's family murdered.  He also states that in 2001 several corrections officials tried to have plaintiff sign an agreement to have two devices that had been implanted in plaintiff removed, but plaintiff refused to sign.  In 2014, plaintiff alleges that he was assaulted in Alabama by two men who described themselves as representatives from California.  For relief plaintiff seeks an investigation into these matters and monetary damages.

As currently pled, the complaint fails to state a claim.  In order to obtain relief pursuant to 42 U.S.C. § 1983, plaintiff must describe how a right secured by the

2

Constitution or laws of the United States was violated and that it was committed by a person acting under the color of state law.  Plaintiff will be provided one opportunity to amend.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above.  The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the dismissal of this action.

2. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January 13, 2015.

NANDOR J. VADAS
United States Magistrate Judge

United States District Court
For the Northern District of California

3

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

DENNIS BROWN,

        Plaintiff,

v.

WARDEN RON DAVIS, et al,

        Defendants.

No.14-CV-5497 NJV

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on January 13, 2015, I served a true and correct copy of the attached by placing said copies in a postage paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail.

Dennis Brown, III
#108821
Kilby Correctional Facility
P.O. Box 150
Mt. Meigs, AL 36057

/s/  *Linn Van Meter*
Linn Van Meter
Administrative Law Clerk to the
Honorable Nandor J. Vadas

4