UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

DENNIS BROWN,

    Plaintiff,

    v.

WARDEN RON DAVIS, et. al.,

    Defendants.
                                       /

No. C 14-5497 NJV (PR)

**ORDER OF DISMISSAL**

    Plaintiff, a prisoner detained in Alabama, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint. (Docs.11,13.)

**DISCUSSION**

**A.    Standard of Review**

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff states he is a former California State prisoner who had been incarcerated in San Quentin State Prison and is now being held in county jail in Alabama for a probation violation.  He states that in 1981 while in San Quentin State Prison, he was implanted with electronic devices for the purpose of surveillance.  He states that in 2001 he was offered one and a half million dollars to have the devices removes but he refused.  As a result he and his family and friends have been the target of threats and violence.  He contends that in 2014 he was assaulted by two unidentified men who stated they were representatives from California and the Federal Communications Commission became involved.  Plaintiff also argues that correctional officials in Alabama are interfering with his ability to litigate this and other related cases.

Plaintiff was previously informed that in order to obtain relief pursuant to 42 U.S.C. § 1983, he must describe how a right secured by the Constitution or laws of the United States was violated and that it was committed by a person acting under the color of state law. Plaintiff has failed to cure the deficiencies in this amended complaint and demonstrate a viable claim against any defendant in California who was acting under color of state law. Many of the allegations against people residing in California would also be time barred. To the extent that correctional officials in Alabama are hindering plaintiff's ability to litigate cases, he must file a case in that state. Because plaintiff has already been granted leave to amend and as allowing further amendment would be futile, this case is dismissed with prejudice.

## CONCLUSION

1. This action is **DISMISSED** with prejudice for the reasons set forth above.
2. The Clerk shall close this case.

**IT IS SO ORDERED.**

Dated: April 2, 2015.

NANDOR J. VADAS
United States Magistrate Judge

3